UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND E. JENKINS, | Civil Action No. 16-1135 (MCA) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |

**ARLEO, United States District Judge:**

Plaintiff Raymond E. Jenkins, residing in Edison, New Jersey, has filed this civil action against the State of New Jersey, alleging violations of his constitutional rights, and seeks to proceed *in forma pauperis*.[1] Based on his affidavit of poverty, the Court finds that Plaintiff qualifies for non-prisoner *in forma pauperis* status pursuant to 28 U.S.C. § 1915.

Federal law requires this Court to screen the Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B). As explained below, the Court will dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to comply with Fed. R. Civ. P. 8(a) and for failure to provide sufficient facts to suggest that he is entitled to relief.

In the "Statement of Claims" section of his Complaint, Plaintiff writes as follows:

> I was denied a fair trial, and due process of law, when the jury
> heard evidence that was relevant to the case (U.S. Const., Amends.
> V, VI, XIV; N.J. Const. (1947), Art. I, Paras. 1, 9, and 10)[.]

---

[1] Plaintiff's IFP application states that his legal residence is in Plainfield, New Jersey.

1

The only additional facts Plaintiff provides are (1) the date he was taken into custody and (2) the name of his co-defendant.[2] He asks for the following relief:

> I want the Federal Supreme Court to investigate on the situation that occur [sic], and a Representative [to] represent me on this case, and pay for my suffering, and damage of being in a severe situation of stress! And also pay for my fee's [sic]!

(*Id.*, Compl. at 5.) Plaintiff provides no other facts or information about his claims in the Complaint or IFP application.

A civil complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and each averment must be "concise, and direct," *Scibelli v. Lebanon Cty.*, 219 F. App'x 221, 222 (3d Cir. 2007) (citing Fed. R. Civ. P. 8(e)(1)). A complaint must plead facts sufficient at least to "suggest" a basis for liability. *Spruill v. Gillis*, 372 F.3d 218, 236 n.12 (3d Cir. 2004). A district court may *sua sponte* dismiss a complaint for failure to comply with Rule 8. *See Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) (finding dismissal appropriate in cases where the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.") (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). "[A]n order dismissing a complaint under Rule 8 clearly is without prejudice as it is not an adjudication of the merits." *Scibelli*, 219 F. App'x at 222 (citing *Bennett–Nelson v. La. Bd. of Regents*, 431 F.3d 448, 450 n. 1 (5th Cir. 2005)).

Courts are required to liberally construe pleadings drafted by *pro se* parties. *Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29,

---

[2] Although the Clerk's Office listed the co-Defendant as a party in the case, it appears to the court that this individual was a co-Defendant in Plaintiff's criminal case.

2

2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, *pro se* litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id.* (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)).

Here, Plaintiff has provided so few facts regarding his claims that the Court cannot even determine whether Plaintiff intended to bring a civil action under section 1983 or whether he is seeking to invalidate his conviction through habeas corpus. It appears that the Complaint was docketed as a civil action under section 1983 because Plaintiff used a form similar to the form used by prisoners in section 1983 actions and is seeking relief in the form of damages rather than the invalidation of his conviction.[3] If Plaintiff intended to file a civil action under section 1983,

---

[3] Because Plaintiff alleges that he was denied a fair trial and seeks damages, the Court notes that a plaintiff cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence. *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (U.S. 2005) (*citing Heck v. Humphrey*, 512 U.S. 477 (1994)). The Supreme Court held in *Heck v. Humphrey* that an action under § 1983 seeking "damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-7; *see also Wilkinson*, 544 U.S. at 80. Summarizing the interplay between habeas and § 1983 claims, the Supreme Court has explained that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson*, 544 U.S. 74, 81–82 (emphasis in original); *see also Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (explaining same).

3

his Complaint fails to provide a short and plain statement of his claims or plead enough facts, accepted as true, to plausibly suggest that he entitled to relief. *See* Fed. R. Civ. P. 8(a); *Gibney*, 547 F. App'x at 113. To the extent Plaintiff is seeking to invalidate his conviction, and thus intended to file a habeas petition pursuant to 28 U.S.C. § 2254, he may bring such an action only after exhausting all available state court remedies, and that action is subject to a one-year statute of limitations.[4]

For the reasons expressed in this Memorandum Opinion, the Court will dismiss Plaintiff's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to comply with Fed. R. Civ. P. 8 and for failing to provide sufficient facts to suggest he is entitled to relief.[5] The Court will administratively terminate the action, and will direct the Clerk of the Court to mail the appropriate forms to Plaintiff. Plaintiff may submit an amended complaint that cures the deficiencies described herein (<u>or</u>, if appropriate, a habeas petition that complies with Rule 2) within thirty (30) days of the date of the Order accompanying this Memorandum Opinion.

---

[4] A state prisoner may not file a petition for habeas corpus in federal court until he has exhausted his state remedies. 28 U.S.C. § 2254(b) and (c). This requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) ("Comity ... dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."). In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") Congress prescribed a one-year period of limitation for the filing of federal habeas corpus petitions by state prisoners. *See Douglas v. Horn*, 359 F.3d 257, 261 (2004); 28 U.S.C. § 2241(d)(1). The Court expresses no opinion as to whether any habeas claims related to Plaintiff's conviction would be exhausted or timely.

[5] The Court does not construe Plaintiff's Complaint as a habeas petition but notes that the Complaint, if so construed, would fail to comply with Rule 2(c) of the Rules Governing Section 2254 Cases, which requires Petitioner to "specify all grounds for relief available to the Petitioner" and "state the facts supporting each ground" in his habeas petition.


 

_____
Madeline Cox Arleo, U.S.D.J.

Date: _____, 2016